Modified.

30 C.C.P.A.(Patents)

## In re FRESHMAN.
### Patent Appeal No. 4712.

'Court of Customs and Patent Appeals.
April 5, 1943.

John H. Cassidy, of St. Louis, Mo., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Appellant has appealed here from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner, who rejected claims 1, 2, 4, 6, 9, 10, and 11 of appellant's application for a patent relating to a sink cabinet. Claim 8 was allowed.

Claims 1 and 6 seem to be illustrative of the subject-matter of all the claims on appeal. They read:

"1. A knock-down cabinet structure adapted to be installed under a sink and drain board including a unitary front structure which can be tilted for installation back of a skirt on the sink in a vertical position, one or two detachable panels fitting and adapted to be secured to the front structure, and a detachable compartment having means to cooperate with means on the front structure for its support."

"6. A knock-down cabinet structure adapted to be installed under a sink and drain board including a unitary front structure which can be tilted for installation back of a skirt on the sink in a vertical position and having an opening closed by a door, a detachable compartment open at its front to register with said opening in the front structure, and cooperating interlocking means secured to the compartment and front structure by which the compartment may be arranged after the front structure is in vertical position as aforesaid to support the compartment."

The references relied upon are:

| | | | |
|---|---|---|---|
| Purdie | 1,406,758 | Feb. | 14, 1922 |
| Klute | 2,039,539 | May | 5, 1936 |
| Litner | 2,050,617 | Aug. | 11, 1936 |
| Macready et al. | 2,051,874 | Aug. | 25, 1936 |

Appellant's invention is that of a knock-down cabinet which, by tilting, is to be installed under a kitchen sink. It has what appellant styles a "unitary front," which in its knock-down condition is not connected with the side panels. The front contains openings or doors suitably placed so as to make available storage space in such compartments as drawers, bins, etc. Appellant's device cannot be inserted unless it is in a knock-down condition. The front panel, being separate from the side panels, is inserted underneath the skirt of the sink and then pressed in at the bottom until it stands in a vertical position. Side panels are then inserted, employing the same principle. Certain blocks are provided on the inside of the cabinet to receive and support the bins, drawers, and side members.

In this court, appellant urges that "The keystone of applicant's improvement by which this object is obtained is a separate or separable unitary front structure which can be tilted for installation back of a skirt on the sink in a vertical position."

The examiner, in his statement, rejected all the appealed claims on Litner when considered with either Klute or Purdie and additionally upon those references in view of Macready et al. Claims 1, 9, 10, and 11 were also rejected as calling for an "incomplete combination."

The Board of Appeals discussed the Litner patent but made no application of the other references. In its original opinion, it stated:

"The main reference cited against the appealed claims is the patent to Litner which also shows a cabinet to be positioned beneath a sink. This patent shows the four openings in the front panel, corner members and side members. In addition it is provided with a bottom and a back. Instead of attaching the same to the wall of the room, legs are provided by which the cabinet may be clamped in position under the sink. This patented structure is probably made of sheet metal. While the patent shows a shallow

224

door at the top, the space beneath is not provided with a bin structure as in appellant's application. This difference does not appear to be a matter of patentable moment. By locating a bin within the space available, it must be at the sacrifice of storage space within the cabinet. The provision of a bin of the type claimed appears to be a matter of choice. It must be conceded that the references do not show appellant's specific means for suspending the bin structure from the wall of the casing, but it is not seen that the details of such structure are such as to amount to invention. The other references cited show cabinet structures that have but a remote bearing on the subject matter in issue and discussion of same is not deemed necessary."

"The decision of the examiner is affirmed."

Upon petition for reconsideration, appellant laid special emphasis upon the detachable feature of his structure and its adaptability for placing it under the sink by a tilting operation. The board granted the petition for reconsideration but adhered to its former decision and in answer to appellant's petition stated:

"It is not seen that this petition presents any points not considered by us before rendering our former decision. Appellant is now stressing the fact that his cabinet is of the knock-down type. No mention is made of this feature in the Litner patent but the inturned flanges * * * are held together by fastenings which are apparently common stove bolts having hexagonal nuts. Therefore the component parts of the cabinet can readily be assembled or disassembled.

"It is noted also that in the Litner patent it is stated that cabinets of this type which extend to the floor are old. There appears to be no good reason why the Litner cabinet should not extend to the floor if so desired.

"The petition for reconsideration has been granted, but our former decision remains unchanged."

Appellant here, in reasons of appeal and in argument (both oral and in brief), contends that the action of the board as above set out amounts to a rejection of the claims upon the Litner patent alone, and he does not discuss the applicability of the other references (nor does the Solicitor for the Patent Office except for a brief mention of the Macready et al. patent). We do not think the statement of the board

that the references other than Litner "have but a remote bearing on the subject matter in issue and discussion of same is not deemed necessary" is an express reversal of the grounds of rejection by the examiner by the use of those references as is above set out. We are of opinion that the board's general affirmance of the examiner requires that we, in revising the decision of the board, take into consideration the applicability of certain of said references when considered with Litner. We think it also proper to say that unless the view of the Solicitor for the Patent Office in this court is adopted, we would have some difficulty in agreeing with the holding of the board in affirming a rejection of the claims on the basis of the Litner patent alone.

The Solicitor stated: "To so put a panel, or like member, in place in building operations is so common that the Court can take judicial notice of it. * * *" and he went on to point out that the Macready et al. patent shows that the concept of installing a panel under a skirt or rim by tilting is an old one. He was referring to appellant's "unitary front structure which can be tilted for installation back of a skirt on the sink in a vertical position." However, in view of our conclusion above set out as to the effect of the action of the board and the language used in its decision, it is not necessary for us to take judicial notice of said subject-matter since it is shown in the art cited, and we do not mean to suggest any view on the question as to whether we would or would not be privileged to do so.

The patent to Litner is for a cabinet to be placed under a sink previously installed. Litner inserts his cabinet after it has been fully constructed, the height of the cabinet being shorter than the distance from the floor to the bottom of the sink skirt. After the cabinet is in position underneath the skirt, it is raised upward by the use of brackets on metal posts. When the correct height is reached, set screws are tightened to hold the cabinet in place underneath the apron of the sink. Litner provides conveniently arranged drawers and containers within the cabinet structure opposite doors and openings in the front panel of the cabinet.

The Macready et al. patent relates to a refrigerating apparatus, which is enclosed in a "cabinet having readily removable panels for access into the interior." The panels may be inserted by placing the upper

ends thereof under the rim of the cabinet top at an angle and then pushing in at the bottom, much in the same way as appellant installs his panels.

The Klute patent relates to "stove construction" and refers to the same as "stove cabinet construction." Klute places the panels together in such a manner that they are readily adjustable by avoiding rivets and employing bolts. The examiner pointed out that this cabinet is made of panels separably joined together, the front wall of which has an opening closed by a door, and that a compartment is secured to the front wall and closed by the door.

The patent to Purdie shows a "portable kitchenette" which has compartments with open sides. These compartments are secured to the inner face of a front door by readily detachable means.

One of the grounds of rejection by the examiner was upon the patents to Litner, Purdie, and Klute, in view of Macready et al. This rejection seems to be grounded upon the proposition that, in view of the showing of Macready et al. that it was old to insert a panel in a cabinet by tilting the panel, placing it under the rim of the cabinet top, and then making it stand in a vertical position by pressing in on the bottom, it would not be inventive to apply the same principle to the Litner device, as the examiner thinks appellant has done. It is our view that the examiner correctly applied the references and that, in the light of the state of the art as shown by the references, it was not inventive for appellant to make a knock-down cabinet, having features which were old in the art and being designed for installation underneath a kitchen sink by tilting in the manner described.

We are not impressed with the board's answer, on reconsideration, to appellant's contention with reference to the "knock-down" character of his alleged invention. Litner's showing of a bolting together of the parts with hexagonal nuts does not seem to us to be any answer to appellant's contention that his structure is one which is designed primarily to be inserted under the skirt of the sink in a knock-down condition and which, in fact, cannot be inserted otherwise. Litner's structure, as the board pointed out, could be easily disassembled, but this adaptability to disassembly does not, in our view, solve the problem of installation. Nevertheless, we think the effect of this knock-down character in appellant's disclosure has been sufficiently discussed hereinbefore. It is lacking in inventive concept in view of the art cited. Appellant has placed his main reliance upon the tilting feature of his front panel. The art shows the application of this principle to cabinets to be old, and we do not believe that applying it to the particular cabinet here involved, for the purpose described, required the exercise of inventive genius.

Appellant also stresses the "success, actual as well as theoretical," of his invention and suggests the lack of success flowing from the structures described in the cited references. Even if this contention were supported by a proper showing (and it is not), it is entirely possible that such success might flow directly from the application of the skill of a mechanic versed in the art or from other causes which we need not discuss here.

Having arrived at the conclusion above stated, we do not regard it as essential that we discuss the other grounds of rejection on the part of the examiner.

The decision of the Board of Appeals, affirming that of the examiner in rejecting the appealed claims as not being inventive over the art of record, is affirmed.

Affirmed.

LENROOT, Associate Judge, concurs in the conclusion.

GARRETT, Presiding Judge, dissents.